# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 19 CR 786 |
| | § | |
| ALEXANDRA SMOOTS-THOMAS, | § | |
| f/k/a | § | |
| ALEXANDRA SMOOTS-HOGAN, | § | |
| Defendant. | § | |

Sealed
Public and unofficial staff access to this instrument are prohibited

## INDICTMENT

THE GRAND JURY CHARGES:

### Introduction

At all times material to this indictment:

1. Defendant **ALEXANDRA SMOOTS-THOMAS**, formerly known as **ALEXANDRA SMOOTS-HOGAN**, was a resident of Harris County, Texas. From approximately January 2009 through the present, **SMOOTS-THOMAS** served as the elected judge of the 164th District Court of Harris County, Texas. As a District Court Judge within the Civil Trial Division of the Harris County courts, **SMOOTS-THOMAS** oversaw, among other things, cases involving civil actions over $200, divorce and family law disputes, suits for title to land or enforcement of liens on land, contested elections, suits for slander or defamation, and suits on behalf of the State of Texas.

2. Defendant **SMOOTS-THOMAS** initially ran for office and was elected in November 2008, and she was re-elected to the same position in November 2012 and 2016. During each of her campaigns, **SMOOTS-THOMAS** solicited and accepted campaign contributions from individuals and political action committees.

3. Texas state law required candidates for judicial office and judicial officeholders, including District Court Judges, to file campaign finance reports with the Texas Ethics Commission (TEC). Texas state law required filers to disclose, among other things, their political contributions, political expenditures, and any payments made from a political contribution that were not political expenditures. Defendant **SMOOTS-THOMAS** was subject to these laws. During the relevant time period she electronically filed with the TEC a periodic "Judicial Candidate/Officeholder Campaign Finance Report."

4. Beginning in approximately June 2011, **SMOOTS-THOMAS** maintained and had signatory authority over a JPMorgan Chase & Co. bank account ending in -1410. **SMOOTS-THOMAS** used this account to deposit and hold contributions made to her campaign. This account also received contributions funded through **SMOOTS-THOMAS's** campaign website. **SMOOTS-THOMAS** controlled the use of funds from this account through the ability to write checks drawn on the account, charge debit cards linked to the account, and send automated

2

clearing house (ACH) wire transfers from the account. ACH software allowed its users to make interstate transfers of funds via remote access or through the Internet.

5. Beginning in approximately early 2013 and continuing through at least January 2018, **SMOOTS-THOMAS** engaged in a scheme to defraud donors and potential donors to her campaign. Specifically, **SMOOTS-THOMAS** solicited contributions on the premise that the money would be used to facilitate her re-election to the position of state District Judge. Instead of using the money to fund her re-election efforts, **SMOOTS-THOMAS** spent the money contributed to her campaign on personal expenses unrelated to the campaign. **SMOOTS-THOMAS** also hid her misuse of these funds by filing false campaign finance reports with the TEC and concealing her activity from her campaign treasurer.

### The Scheme

6. Beginning in at least early 2013 and continuing through at least January 2018, within the Houston Division of the Southern District of Texas, the defendant

**ALEXANDRA SMOOTS-THOMAS,**

did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and to knowingly use and cause to be used interstate wire communications

3

facilities in carrying out the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means of the Scheme

It was part of the scheme that:

7. Defendant **SMOOTS-THOMAS** would and did solicit campaign contributions on the premise that the money would be used to facilitate her re-election as a state District Judge.

8. Defendant **SMOOTS-THOMAS**, knowing that her contributors expected her to use their contributions for her re-election campaigns, would and did use campaign funds for personal expenses unrelated to the campaign.

9. Defendant **SMOOTS-THOMAS** would and did use campaign funds to pay for, among other things, monthly home mortgage payments; private school tuition payments; personal travel expenses, including airfare, hotel, and restaurant charges; personal items, including handbags and jewelry; and cash withdrawals at ATM machines.

10. Defendant **SMOOTS-THOMAS** would and did conceal this spending from her campaign treasurer and her campaign donors. Defendant filed false campaign finance disclosure forms with the Texas Ethics Commission that failed to disclose her use of campaign funds for personal use.

## Execution of the Scheme

11. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, **ALEXANDRA SMOOTS-THOMAS**, defendant herein, did cause by means of false pretenses, representations, and promises, the following wire transfers:

| COUNT | DATE | AMOUNT | WIRE DESCRIPTION |
|---|---|---|---|
| 1 | Jan. 22, 2016 | $1,163.91 | Handbag purchase at Prada Las Vegas Bellagio in Las Vegas, Nevada using a debit card linked to JPMorgan Chase account -1410 |
| 2 | May 16, 2016 | $7,441.99 | Wire transfer from JPMorgan Chase Account -1410 to The Regis School to pay for school tuition |
| 3 | August 2, 2016 | $2,952.25 | Wire transfer from JPMorgan Chase account -1410 to Gateway Mortgage to pay for home mortgage |
| 4 | Nov. 21, 2016 | $1,213.82 | Online purchase to pay for Southwest Airlines vacation airfare using debit card linked to JPMorgan Chase account -1410 |
| 5 | Feb. 13, 2017 | $761.74 | Ring purchase at Zales Jewelry in Houston, Texas using a debit card linked to JPMorgan Chase account -1410 |
| 6 | Feb. 14, 2017 | $2,500.00 | Wire transfer from JPMorgan Chase account -1410 to The Regis School to pay for school tuition |
| 7 | March 2, 2017 | $8,856.75 | Wire transfer from JPMorgan Chase account -1410 to Gateway Mortgage to pay for home mortgage |

In violation of Title 18, United States Code, Section 1343.

# NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. §2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of a wire fraud offense charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

RYAN K. PATRICK
UNITED STATES ATTORNEY

By:

Ralph Imperato
John Pearson
Assistant United States Attorneys