United States District Court
Southern District of Texas
**ENTERED**
August 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| United States of America, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. H-19-786 |
| § | |
| Alexandra Smoots-Thomas, § | |
| Defendant. § | |

## ORDER REVOKING BOND

On August 13, 2020, the court held a hearing on the government's motion to revoke the order releasing Smoots-Thomas to pretrial supervision. (21) Because the court finds that Smoots-Thomas is not likely to abide by the court's conditions, and because Ms. Smoots-Thomas poses a danger to her ex-husband and people around him, the motion is GRANTED.

The court released Smoots-Thomas on a personal recognizance bond on November 8, 2019. (9) Of the few conditions imposed, two are relevant. She was not to possess a firearm and she was not to violate the law. (10) The court admonished Smoots-Thomas of the consequences of failing to abide by the conditions of release. One of those consequences was that her release could be revoked pending trial. Smoots-Thomas said she understood.

Without objection, the revocation hearing proceeded mainly by proffer, with several exhibits admitted into evidence. Police reports and a video of the incident

leading to the instant motion were admitted into evidence without objection. Based on the proffers of counsel and the exhibits, these facts are uncontested. Smoots-Thomas is estranged from her husband, Brandon Thomas. Brandon Thomas is in the process of moving out of Smoots-Thomas's home and is staying with Twyla Joseph. In the late evening of August 11, 2020, Smoots-Thomas travelled by car to Joseph's home. Joseph and Brandon Thomas were both inside, as were some children.

Smoots-Thomas made a lot of noise outside the home. Joseph's daughter, Keiondra Ross, arrived at Joseph's residence to see Smoots-Thomas's vehicle parked askew in the driveway. Smoots-Thomas demanded to see Joseph. Ross notified Joseph that Smoots-Thomas was outside. Joseph went outside.

Video footage shows that Joseph had some kind of long board with her. Joseph was yelling at Smoots-Thomas to get out of her car. The court's review of the video shows that Joseph was several arms' lengths away from Smoots-Thomas's driver side window. Joseph appeared to turn away from the vehicle, at which point Smoots-Thomas fired the shotgun at Joseph. She missed Joseph but hit the house. Slugs were found in the side of the house, apparently near a bedroom where children were located. Several witnesses heard the shots fired. The defense does not deny that Smoots-Thomas fired the shot.

Revocation of pretrial release is governed by 18 U.S.C. § 3148. Subsection 3148(b) states that the court *shall* enter an order detaining the defendant if the court

(1) finds that there is –

   (A) probable cause to believe that the person has committed a Federal, States, or local crime while on release; or

   (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

   (A) based on the [3142(g) factors], there is no condition or combination or conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

   (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). The same subsection states that if the defendant commits a crime while on release, there is a rebuttable presumption that the person is a danger. *Id.*

Although there was proffer and argument at the hearing about whether Joseph or Smoots-Thomas was the aggressor, the video of the incident shows that at the time the shot was fired, Smoots-Thomas was not in danger of her life. Joseph was holding a long board and yelling but did not swing the board. Smoots-Thomas was in her vehicle and could have drove away. Instead, she fired the shotgun at Joseph. Her use of deadly force was far out of proportion to any danger she might have perceived. The court finds probable cause to believe that Smoots-Thomas committed

3

aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02(a)(2). The court also finds by clear and convincing evidence that Smoots-Thomas violated a condition of her bond. She was prohibited from possessing a firearm. It is undisputed that she violated that condition.

Because the court finds probable cause to believe that Smoots-Thomas committed a state felony offense while on conditions of release, there is a presumption that she poses a danger. Smoots-Thomas submitted a psychological report that purports to explain her current mental status. While it is a close question, the court concludes that the information in the report is enough to rebut the presumption. That does not mean that Smoots-Thomas should be released, however. It only means that the court must continue the analysis pursuant to section 3148(b)(2).

The court concludes, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Smoots-Thomas is not likely to follow any conditions the court sets. Her conduct was premeditated. She found the shotgun, carried it to her car, drove to Ms. Joseph's home, and called her to come out. She clearly had an intention to confront and intimidate Ms. Joseph. Whether she got into her vehicle with a plan to fire the gun is not clear. But she did fire it. The police report of the incident says that Smoots-Thomas had been showing up in Joseph's neighborhood to "canvas" the area.

Smoots-Thomas also called Joseph on the phone before showing up with the shotgun. She did all this while under court orders specifically forbidding it.

This is not a case where the court can refine its orders or impose a program of some kind to assist the defendant with compliance. This is a case of a defendant who willfully defied the court's specific orders. The court understands that Smoots-Thomas is having a difficult time emotionally, physically and psychologically, but nothing presented by the defense indicates to the court that Ms. Smoots-Thomas will do as the court orders if released. Given the extreme danger she poses to her husband and Ms. Joseph's family, the court concludes that there are no conditions that Ms. Smoots-Thomas will follow that will assure the safety of the community if she is released.

The orders releasing Smoots-Thomas (9, 10) are revoked and Smoots-Thomas is remanded to the custody of the United States Marshal pending further proceedings in this case.

Signed at Houston, Texas, on August 14, 2020.

_____
Peter Bray
United States Magistrate Judge